Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 1 of 27   Page ID
Case 2:10-cv-07035-DSF-JEM   Document 232-1   Filed 01/09/13   Page 1 of 27   Page ID
#:1015

FILED
CLERK, U.S. DISTRICT COURT

JAN 11 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS OF CALIFORNIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CATHAY BANK, et al., <br><br> Defendants. | Case No.: 2:10-cv-07035-DSF-JEM [LEAD CASE] <br><br> *Consolidated with* <br><br> Case No.: 2:11-cv-03526-DSF-JEM |
| JOAO BOCK TRANSACTION SYSTEMS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF STOCKTON, et al., <br><br> Defendants. | [~~PROPOSED~~] **PROTECTIVE ORDER** <br><br> Judge:  Hon. Dale S. Fischer <br><br> [DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE JOHN E. MCDERMOTT] <br><br> [NO HEARING REQUIRED] |
| AND RELATED COUNTERCLAIMS | |

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 2 of 27   Page ID
Case 2:10-cv-07035-DSF-JEM   Document 232-1   Filed 01/09/13   Page 2 of 27   Page ID
#:2043
#:1016

1    On January 9, 2013, Plaintiff Joao Bock Transaction Systems, LLC,

2    ("JBTS") and Defendants Pacific Western Bank, Bank Of Stockton, Center Bank,

3    China Trust Bank Usa, Fremont Bank, Hanmi Bank, Nara Bank, The Mechanics

4    Bank, Torrey Pines Bank, Tri Counties Bank, Wilshire State Bank, and Luther

5    Burbank Savings ("Defendants") (collectively, JBTS and Defendants are referred to

6    herein as the "parties"), filed a stipulated protective order.

7    Having reviewed the stipulation of the parties, the Court hereby GRANTS

8    the stipulated protective order as set forth hereinbelow.

9    1.    GOOD CAUSE STATEMENT

10    Disclosure and discovery activity in this action are likely to involve

11    production of confidential, proprietary, or private information for which special

12    protection from public disclosure and from use for any purpose other than

13    prosecuting this litigation may be warranted.  Specifically, as the accused products

14    relate to banking services, discovery may involve production of security-sensitive

15    information, such as bank software and development documents relating to the

16    security of that software, as well as competitive pricing information.  Good cause

17    exists for entry of this Protective Order:  (1) bank software and development

18    documents may contain information that compromises the security of such banking

19    services and security of computers used in such banking services if disclosed

20    without entry of a protective order; (2) technical documents, development

21    documents, source code, and confidential internal business documents may contain

22    trade secret or other confidential research, development, or commercial information

23    that would prejudice a Party's or Non-Party's intellectual property or commercial

24    business advantage if disclosed without entry of a protective order; and (3) financial

25    documents may contain competitive pricing information that would prejudice a

26    Party's or Non-Party's commercial business advantage if disclosed without entry of

27    a protective order.

28

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 3 of 27   Page ID
Case 2:10-cv-07035-DSF-JEM   Document 232-1   Filed 01/09/13   Page 3 of 27   Page ID
#:1017

1      Accordingly, the Parties hereby stipulate to and petition the Court to

2 enter the following Protective Order.  The Parties acknowledge that this Order does

3 not confer blanket protections on all disclosures or responses to discovery and that

4 the protection it affords from public disclosure and use extends only to the limited

5 information or items that are entitled to confidential treatment under the applicable

6 legal principles.  The Parties further acknowledge that Local Civil Rule 79-5 sets

7 forth the procedures that must be followed and the standards that will be applied

8 when a Party seeks permission from the Court to file material under seal.

9      2.    DEFINITIONS

10      2.1.   Challenging Party:  a Party or Non-Party that challenges the

11 designation of information or items under this Order.

12      2.2.   "CONFIDENTIAL" Information or Items:  information

13 (regardless of how it is generated, stored, or maintained) or tangible things that

14 qualify for protection under Federal Rule of Civil Procedure 26(c).

15      2.3.   Counsel (without qualifier):  Outside Counsel of Record and

16 House Counsel (as well as their support staff).

17      2.4.   Designating Party:  a Party or Non-Party that designates

18 information or items that it produces in disclosures or in responses to discovery as

19 "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S

20 EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

21      2.5.   Discovery Material:  all items or information, regardless of the

22 medium or manner in which it is generated, stored, or maintained (including

23 documents, deposition testimony, deposition transcripts, and tangible things, but

24 not including pretrial testimony / transcripts and pretrial hearings), that are

25 produced or generated in disclosures or responses to discovery in this matter.

26      2.6.   Expert: a person with specialized knowledge or experience in a

27 matter pertinent to the litigation who (1) has been retained by a Party or its counsel

28 to serve as an expert witness or as a consultant in this action, (2) is not a past or

3

1  current employee of a Party or of a Party's competitor, and (3) at the time of

2  retention and for the duration of his or her engagement, is not anticipated to become

3  an employee of a Party or of a Party's direct competitor.

4          2.7.   <u>"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES</u>

5  <u>ONLY" Information or Items</u>:  extremely sensitive "CONFIDENTIAL"

6  Information or Items, disclosure of which to another Party or Non-Party would

7  create a substantial risk of serious harm that could not be avoided by less restrictive

8  means.

9          2.8.   <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information</u>

10  <u>or Items</u>: extremely sensitive "CONFIDENTIAL" Information or Items

11  representing or including Source Code and associated comments and revision

12  histories, disclosure of which to another Party or Non-Party would create a

13  substantial risk of serious harm that could not be avoided by less restrictive means.

14          2.9.   <u>House Counsel</u>:  attorneys who are employees of a Party to this

15  action. House Counsel does not include Outside Counsel of Record or any other

16  outside counsel.

17          2.10. <u>Non-Party</u>:  any natural person, partnership, corporation,

18  association, or other legal entity not named as a Party to this action.

19          2.11. <u>Outside Counsel of Record</u>:  attorneys who are not employees of

20  a Party to this action but are retained to represent or advise a Party to this action and

21  have appeared in this action on behalf of that Party or are affiliated with a law firm

22  which has appeared on behalf of that Party.

23          2.12. <u>Party</u>: any Party to this action, including all of its officers,

24  directors, employees, consultants, retained experts, and Outside Counsel of Record

25  (and their support staffs).

26          2.13. <u>Producing Party</u>:  a Party or Non-Party that produces Discovery

27  Material in this action.

28

4

1    2.14. Professional Vendors: persons or entities that provide litigation
2    support services (e.g., photocopying, videotaping, translating, preparing exhibits or
3    demonstrations, and organizing, storing, or retrieving data in any form or medium)
4    and their employees and subcontractors.

5    2.15. Protected Material: any Discovery Material that is designated as
6    "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S
7    EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

8    2.16. Receiving Party: a Party that receives Discovery Material from
9    a Producing Party.

10    2.17. Reviewing Party: a Party that reviews Discovery Material
11    provided for inspection by a Producing Party.

12    2.18. Source Code: Discovery Material that comprises or describes
13    computer instructions and data definitions expressed in a form suitable for input to
14    an assembler, compiler, translator, or other data processing module. Nothing in this
15    Order shall require the parties to produce any Source Code or act as an admission
16    that any particular Source Code is discoverable.

17    3.    SCOPE
18    The protections conferred by this Stipulation and Order cover not only
19    Protected Material (as defined above), but also (1) any information copied or
20    extracted from Protected Material; (2) all copies, excerpts, summaries, or
21    compilations of Protected Material; and (3) any conversations or presentations by
22    Parties or their Counsel that might reveal Protected Material. However, the
23    protections conferred by this Stipulation and Order do not cover the following
24    information: (a) any information that is in the public domain at the time of
25    disclosure to a Receiving Party or becomes part of the public domain after its
26    disclosure to a Receiving Party as a result of publication not involving a violation
27    of this Order, including becoming part of the public record through trial or
28    otherwise; (b) any information known to the Receiving Party prior to the disclosure

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 6 of 27   Page ID
#:1047
Case 2:10-cv-07035-DSF-JEM   Document 232-1   Filed 01/09/13   Page 6 of 27   Page ID
#:1020

1  or obtained by the Receiving Party after the disclosure from a source who obtained

2  the information lawfully and under no obligation of confidentiality to the

3  Designating Party or any other party; and (c) pretrial testimony / transcripts and

4  pretrial hearings.  Any use of Protected Material at pretrial hearings or trial shall be

5  governed by a separate agreement or order.

6       4.    DURATION

7         Even after final disposition of this litigation, the confidentiality

8  obligations imposed by this Order shall remain in effect until a Designating Party

9  agrees otherwise in writing or a court order otherwise directs.  Final disposition

10  shall be deemed to be the later of (1) dismissal of all claims and defenses in this

11  action, with or without prejudice; and (2) final judgment herein after the completion

12  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

13  including the time limits for filing any motions or applications for extension of time

14  pursuant to applicable law.

15       5.    DESIGNATING PROTECTED MATERIAL

16         5.1.   Exercise of Restraint and Care in Designating Material for

17  Protection.  Each Party or Non-Party that designates information, oral or written

18  communications, documents, items, or things for protection under this Order must

19  take care to limit any such designation to specific material that qualifies under the

20  appropriate standards.  To the extent it is practical and not unduly burdensome to do

21  so, the Designating Party must designate for protection only those parts of

22  communications, documents, items, or things that qualify—so that other portions of

23  the communications, documents, items, or things for which protection is not

24  warranted are not swept unjustifiably within the ambit of this Order.

25         Mass, indiscriminate, or routinized designations are prohibited.

26  Designations that are shown to be clearly unjustified or that have been made for an

27  improper purpose (e.g., to unnecessarily encumber or retard the case development

28

1   process or to impose unnecessary expenses and burdens on other Parties) expose

2   the Designating Party to sanctions.

3        If it comes to a Designating Party's attention that information,

4   communications, documents, items, or things that it designated for protection do

5   not qualify for protection at all or do not qualify for the level of protection initially

6   asserted, that Designating Party must promptly notify all other Parties that it is

7   withdrawing the mistaken designation.

8        5.2.   Manner and Timing of Designations.  Except as otherwise

9   provided in this Order (*see, e.g.*, the second paragraph of Section 5.2(a) and the

10  second paragraph of Section 5.2(b) below), or as otherwise stipulated or ordered,

11  Discovery Material that qualifies for protection under this Order must be clearly so

12  designated before the information, communication, document, item, or thing is

13  disclosed or produced.

14        Designation in conformity with this Order requires:

15        (a)   for information in documentary image form (e.g., paper or

16  electronic documents, but excluding documents produced in native form pursuant to

17  the Parties' agreement regarding electronically stored information, and transcripts

18  of depositions), that the Producing Party affix the legend "CONFIDENTIAL,"

19  "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or

20  "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

21  Protected Material.

22        A Party or Non-Party that makes original documents, items, or things

23  available for inspection need not designate them for protection until after the

24  inspecting Party has indicated which document, item, or thing it would like copied

25  and produced.  During the inspection and before the designation, all of the

26  documents, items, and things made available for inspection shall be deemed

27  "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."  After the

28  inspecting Party has identified the documents, items, or things it wants copied and

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 8 of 27   Page ID
Case 2:10-cv-07035-DSF-JEM   Document 232-1   Filed 01/09/13   Page 8 of 27   Page ID
#:1049
#:1022

1 | produced, the Producing Party must determine which documents, items, or things or

2 | portions thereof, qualify for protection under this Order.  Then, before producing

3 | the specified documents, the Producing Party must affix the appropriate legend

4 | ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S

5 | EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page

6 | that contains Protected Material.

7 |        (b)    for testimony given in deposition, that the Designating

8 | Party identifies on the record, before the close of the deposition, all protected

9 | testimony and specify the level of protection being asserted.  When it is impractical

10 | to identify separately each portion of deposition testimony that is entitled to

11 | protection and it appears that substantial portions of the deposition testimony may

12 | qualify for protection, the Designating Party may invoke on the record (before the

13 | deposition is concluded) a right to have up to 21 days to identify the specific

14 | portions of the deposition testimony as to which protection is sought and to specify

15 | the level of protection being asserted.  Only those portions of the deposition

16 | testimony that are appropriately designated for protection within the 21 days shall

17 | be covered by the provisions of this Protective Order.  Alternatively, a Designating

18 | Party may specify, at the deposition or up to 21 days afterwards if that period is

19 | properly invoked, that the entire deposition transcript shall be treated as

20 | "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S

21 | EYES ONLY."

22 |        Deposition transcripts containing Protected Material shall have an

23 | obvious legend on the title page that the deposition transcript contains Protected

24 | Material, and the title page shall be followed by a list of all pages (including line

25 | numbers as appropriate) that have been designated as Protected Material and the

26 | level of protection being asserted by the Designating Party.  The Designating Party

27 | shall inform the Court reporter of these requirements.  Any deposition transcript

28 | that is prepared before the expiration of a 21-day period for designation shall be

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 9 of 27   Page ID
Case 2:10-cv-07035-DSF-JEM   Document 232-0   Filed 01/09/13   Page 9 of 27   Page ID
#:1023
#:1050

1   treated during that period as if it had been designated "HIGHLY CONFIDENTIAL

2   – OUTSIDE COUNSEL'S EYES ONLY" in its entirety unless otherwise agreed.

3   After the expiration of that period, the deposition transcript shall be treated only as

4   actually designated.

5              (c)    for information produced in some form other than

6   documentary form and for any other tangible items or things, including electronic

7   materials produced in native electronic format, that the Producing Party affix in a

8   prominent place on the exterior of the CD, DVD, hard drive, container in which the

9   information or item is stored, or the item itself, etc., the legend

10   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S

11   EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

12             5.3.   Inadvertent Failures to Designate.  A failure to designate

13   qualified information or items or designating qualified information or items at a

14   lower designation than to which they are entitled does not, standing alone, waive

15   the Designating Party's right to secure protection under this Order for such material

16   provided that the Designating Party timely corrects such designation upon learning

17   of the lack of designation or the incorrect designation.  Upon timely correction of a

18   designation, the Receiving Party must make reasonable efforts to assure that the

19   material is treated in accordance with the provisions of this Order.

20        6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

21             6.1.   Timing of Challenges.  Any Party or Non-Party may challenge a

22   designation of confidentiality at any time so long as the timing of any such

23   challenge comports with the discovery cut-off deadline.  A Party does not waive its

24   right to challenge a confidentiality designation by electing not to mount a challenge

25   promptly after the original designation is disclosed.

26             6.2.   Meet and Confer and Judicial Intervention.  The parties shall

27   comply with the procedures set forth in Civil Local Rule 37 to resolve any dispute

28

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 10 of 27   Page ID
Case 2:10-cv-07035-DSF-JEM   Document 232-1   Filed 01/09/13   Page 10 of 27   Page ID
#:1024

1  as to a designation of confidentiality and shall comport with the discovery cut-off

2  deadline.

3      7.      ACCESS TO AND USE OF PROTECTED MATERIAL

4          7.1.    Basic Principles.  A Receiving Party may use Protected Material

5  that is disclosed or produced by another Party or by a Non-Party in connection with

6  this case only for prosecuting, defending, or attempting to settle this litigation.

7  Such Protected Material may be disclosed only to the categories of persons and

8  under the conditions described in this Order. When the litigation has been

9  terminated, a Receiving Party must comply with the provisions of Section 15 below

10  (FINAL DISPOSITION).

11          Protected Material must be stored and maintained by a Receiving Party

12  at a location and in a secure manner that ensures that access is limited to the

13  persons authorized under this Order.

14          7.2.    Disclosure of "CONFIDENTIAL" Information or Items. Unless

15  otherwise ordered by the Court or permitted in writing by the Designating Party, a

16  Receiving Party may disclose any information or item designated

17  "CONFIDENTIAL" only to:

18          (a)     the Receiving Party's Outside Counsel of Record in this

19  action, as well as employees of said Outside Counsel of Record to whom it is

20  reasonably necessary to disclose the information, document, item, or thing for this

21  litigation;

22          (b)     the officers, directors, and employees (including House

23  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

24  litigation and who have signed the "Acknowledgment and Agreement To Be

25  Bound" (Exhibit A);

26          (c)     Experts (as defined in this Order) of the Receiving Party,

27  as well as employees of said Experts, to whom disclosure is reasonably necessary

28

10

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 11 of 27   Page ID
#:1052
Case 2:10-cv-07035-DSF-JEM   Document 232-1   Filed 01/09/13   Page 11 of 27   Page ID
#:1025

1  for this litigation and who have signed the "Acknowledgment and Agreement To

2  Be Bound" (Exhibit A);

3                    (d)    the Court and its personnel;

4                    (e)    court reporters and their staff,

5                    (f)    professional jury or trial consultants and Professional

6  Vendors to whom disclosure is reasonably necessary for this litigation and who

7  have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A);

8                    (g)    during their depositions, witnesses in the action to whom

9  disclosure is reasonably necessary and who have signed the "Acknowledgment and

10 Agreement To Be Bound" (Exhibit A), unless otherwise agreed by the Designating

11 Party or ordered by the Court.  Pages of transcribed deposition testimony or

12 exhibits to depositions that reveal Protected Material must be separately bound by

13 the Court reporter and may not be disclosed to anyone except as permitted under

14 this Protective Order.

15                    (h)    the author or recipient of a document containing the

16 information or a custodian or other person who otherwise knew the information or

17 possessed the document, item, or thing.

18          7.3.    Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE

19 COUNSEL'S EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE

20 CODE" Information or Items.  Unless otherwise ordered by the Court or permitted

21 in writing by the Designating Party, and subject to the specific provisions set forth

22 in Section 9 ("Source Code") below, a Receiving Party may disclose any

23 information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE

24 COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

25 only to:

26                    (a)    the Receiving Party's Outside Counsel of Record in this

27 action, as well as employees of said Outside Counsel of Record to whom it is

28
                                        11

1   reasonably necessary to disclose the information, document, item or thing for this

2   litigation;

3               (b)    Experts of the Receiving Party, as well as employees of

4   said Experts, (1) to whom disclosure is reasonably necessary for this litigation, (2)

5   who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A),

6   and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been

7   followed with respect to said Expert;

8               (c)    the Court and its personnel;

9               (d)    court reporters and their staff, professional jury or trial

10   consultants, and Professional Vendors to whom disclosure is reasonably necessary

11   for this litigation and who have signed the "Acknowledgment and Agreement To

12   Be Bound" (Exhibit A); and

13               (e)    the author or recipient of a document containing the

14   information or a custodian or other person who otherwise possessed or knew the

15   information, document, item, or thing.

16          7.4.   Procedures for Approving or Objecting to Disclosure of

17   "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or

18   "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

19               (a)    Unless otherwise ordered by the Court or agreed to in

20   writing by the Designating Party, subject to the specific provisions set forth in

21   Section 9 ("Source Code") below, a Party that seeks to disclose to an Expert (as

22   defined in this Order) any information or item that has been designated "HIGHLY

23   CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY

24   CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must

25   make a written request to the Designating Party that (1) sets forth the full name of

26   the Expert and the city and state of his or her primary residence, (2) attaches a copy

27   of the Expert's current resume, (3) identifies the Expert's current employer(s), (4)

28   identifies the employment history of that Expert in his or her areas of expertise for

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 13 of 27   Page ID
#:1054
Case 2:10-cv-07035-DSF-JEM   Document 232-1   Filed 01/09/13   Page 13 of 27   Page ID
#:1027

1   the preceding five years,[1] (5) to the extent not already disclosed, identifies any work

2   by the Expert on behalf of any competitor to the Designating Party at any time

3   during the preceding five years, and (6) identifies (by name and number of the case,

4   filing date, and location of court) any litigation in connection with which the Expert

5   has offered expert testimony, including through a declaration, report, or testimony

6   at a deposition or trial, during the preceding five years.

7           (b)    A Party that makes a request and provides the

8   information, document, item, or thing specified in the preceding respective

9   paragraphs may disclose the subject Protected Material to the identified Expert

10  unless, within 5 business days of delivering the request, the Party receives a written

11  objection from the Designating Party.  Any such objection must set forth in detail

12  the grounds on which it is based.

13          (c)    The parties shall comply with the procedures set forth in Civil

14  Local Rule 37 to resolve any dispute as to disclosure of any information or item

15  that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS'

16  EYES ONLY" to an Expert (as defined in this Order) under paragraph 7.3(b) and

17  shall comport with the discovery cut-off deadline.

18      8.    PROSECUTION BAR

19          Any representative (including without limitation officers, directors,

20  employees, attorneys and experts) of Plaintiffs Joao Bock Transaction Systems of

21  California, LLC, Joao Bock Transaction Systems, LLC, or any subsidiary or

22  affiliate thereof (collectively, "Joao Bock") who receives access to "HIGHLY

23  CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY

24  CONFIDENTIAL – SOURCE CODE" information produced by any Defendant

25

26  [1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-
    party, then the Expert should provide whatever information, document, item, or thing the Expert
27  believes can be disclosed without violating any confidentiality agreements, and the Party seeking
    to disclose to the Expert shall be available to meet and confer with the designating Party
28  regarding any such engagement.

13

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 14 of 27   Page ID
Case 2:10-cv-07035-DSF-JEM   Document 232-1   Filed 01/09/13   Page 14 of 27   Page ID
#:1028
#:1028

1   Producing Party shall not be involved in the prosecution of patents or patent
2   applications relating to Covered Technologies.  "Covered Technologies" shall mean
3   computer systems for monitoring and authorizing transactions on financial accounts
4   for purposes of providing account security.

5        For purposes of this paragraph, "prosecution" includes directly or
6   indirectly drafting, amending, advising, or otherwise affecting the scope or
7   maintenance of patent claims.[2]  Nothing in the foregoing, however, shall preclude
8   any individual who receives access to "HIGHLY CONFIDENTIAL – OUTSIDE
9   COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"
10  from participating on behalf of a Party from litigating the scope, infringement,
11  validity, or enforceability of any patent in any court or from challenging the validity
12  of an issued patent held by another through reexamination proceedings before the
13  Patent Office.  This Prosecution Bar shall begin when access to "HIGHLY
14  CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY
15  CONFIDENTIAL – SOURCE CODE" information is first received by the affected
16  individual and shall end two (2) years after final termination of this action.

17       9.    SOURCE CODE
18            (a)    Nothing in this Order shall be construed as a representation or
19  admission that Source Code is properly discoverable in this action, or to obligate
20  any party to produce any Source Code.

21            (b)    A Producing Party may designate Source Code as "HIGHLY
22  CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential,
23  proprietary or trade secret Source Code.

24            (c)    Protected Material designated as "HIGHLY CONFIDENTIAL –
25  SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY
26  CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information,

27

28  _____
    [2]Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 15 of 27   Page ID
Case 2:10-cv-07035-DSF-JEM   Document 232-6   Filed 01/09/13   Page 15 of 27   Page ID
#:1029
#:1956

1   including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only

2   to the individuals to whom "HIGHLY CONFIDENTIAL – OUTSIDE

3   COUNSEL'S EYES ONLY" information may be disclosed, as set forth in

4   Paragraphs 7.3 and 7.4.

5            (d)     To the extent production of Source Code becomes necessary to

6   the prosecution or defense of the litigation, any Source Code that is produced by a

7   Party shall be made available for inspection in electronic format at the office(s) of

8   the corresponding party's outside counsel of record, or any other location mutually

9   agreed by the parties.  Prior to the first inspection of any Source Code, the

10  Receiving Party shall provide thirty (30) days notice of the Source Code that it

11  wishes to inspect.  The Receiving Party shall provide ten (10) days notice prior to

12  any additional inspections.

13           (e)     Source Code designated as "HIGHLY CONFIDENTIAL –

14  SOURCE CODE" shall only be produced for inspection and review subject to the

15  following provisions, unless otherwise agreed by the Producing Party:

16                   (e)(1)     All Source Code shall be made available by

17           the Producing Party to the Receiving Party's outside counsel of record in

18           this action and/or experts in a secure room on a secured computer without

19           Internet access or network access to other computers, as necessary and

20           appropriate to prevent and protect against any unauthorized copying,

21           transmission, removal or other transfer of any Source Code outside or

22           away from the computer on which the Source Code is provided for

23           inspection (the "Source Code Computer").  The Producing Party shall

24           install tools that are sufficient for viewing and searching the code

25           produced, on the platform produced, if such tools exist and are presently

26           used in the ordinary course of the Producing Party's business.  The

27           Receiving Party's outside counsel and/or experts may request that other

28           mutually agreeable commercially available software tools for viewing and

15

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 16 of 27   Page ID
Case 2:10-cv-07035-DSF-JEM   Document 232-1   Filed 01/09/13   Page 16 of 27   Page ID
#:1057
#:1030

1    searching Source Code be installed on the secured computer, provided,

2    however, that such other software tools are reasonably necessary for the

3    Receiving Party to perform its review of the Source Code consistent with

4    all of the protections herein.  The Receiving Party must provide the

5    Producing Party with the CD or DVD containing such licensed software

6    tool(s) at least ten (10) days in advance of the date upon which the

7    Receiving Party wishes to have the additional software tools available for

8    use on the Source Code Computer.

9                (e)(2)    No recording devices or recordable media

10   will be permitted inside the Source Code review room. The Receiving

11   Party's outside counsel and/or experts shall be entitled to take notes

12   relating to the Source Code but may not copy the Source Code into the

13   notes and may not take such notes electronically on the Source Code

14   Computer itself or any computer that is connected to any network.  No

15   copies of all or any portion of the Source Code may leave the room in

16   which the Source Code is inspected except as otherwise provided herein.

17   Further, no other written or electronic record of the Source Code is

18   permitted except as otherwise provided herein.  The Producing Party,

19   including the Producing Party's outside counsel and their staff, may

20   visually monitor the activities of the Receiving Party's representatives

21   during any Source Code review, but only to ensure that no unauthorized

22   electronic records of Source Code are being created or transmitted in any

23   way.

24                (e)(3)    The Producing Party shall make available a

25   laser printer with commercially reasonable printing speeds for on-site

26   printing during inspection of limited portions of the Source Code.  The

27   Receiving Party may print limited portions of the Source Code only when

28   reasonably necessary to facilitate the Receiving Party's preparation of

court filings, expert reports, and related drafts and correspondences, and shall print only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted solely to enable use of Source Code in filings and proceedings. Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party for subsequent production. The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages printed by the Receiving Party and shall produce the printed Source Code within ten (10) business days from the day the Source Code was printed by the Receiving Party. No more than 10% or 500 pages of the total Source Code, whichever is lesser, may be in printed form at any one time. In the event any single portion of the Source Code printed by the Receiving Party comprises more than 40 continuous pages or represents 10% or more of a specific software release, that printout shall be presumed excessive and not done for a permitted purpose. The parties shall comply with the procedures set forth in Civil Local Rule 37 to resolve any dispute as to whether the printed portions are excessive and/or not reasonably necessary to any case preparation activity. In the absence of any objection, or upon resolution of any such dispute by the Court, the Producing Party shall provide one copy set of such pages to the Receiving Party within ten (10) days. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action. The

17

Case 2:10-cv-07035-DSF-JEM  Document 233  Filed 01/11/13  Page 18 of 27  Page ID
#:1059
Case 2:10-cv-07035-DSF-JEM  Document 232-1  Filed 01/09/13  Page 18 of 27  Page ID
#:1032

Receiving Party receiving the paper copies of Source Code must keep that Source Code in a secured container when not in use at the office of the Receiving Party's outside counsel of record.

(e)(4)    All persons who will review a Producing Party's Source Code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any disclosure required under the "Notice" section of this Order. Each day they view Source Code, all persons viewing Source Code shall sign on a log that will include the names of persons who enter the review room and when they enter and depart. The Receiving Party receiving paper copies of Source Code shall maintain a log of Bates numbered pages received and persons who have had access to those pages. The Producing Party shall be entitled to a copy of the logs upon request.

(e)(5)    Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

(e)(6)    Other than as provided in subparagraph (e)(3) above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including,

18

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 19 of 27   Page ID
#:1060
Case 2:10-cv-07035-DSF-JEM   Document 232-1   Filed 01/09/13   Page 19 of 27   Page ID
#:1033

1    without limitation, copying, removing, or transferring the Source Code

2    onto any other computers, peripheral equipment, memory, or drives of

3    any kind.  The Receiving Party will not transmit any Source Code in any

4    way from the Producing Party's facilities or the offices of its Counsel.

5              (e)(7)      After receiving any production of printed

6    Source Code, the Receiving Party may make no more than five (5) copies

7    of any portions of the Source Code received from a Producing Party

8    pursuant to subparagraph (c), not including copies attached to court filings

9    or used at depositions, and shall maintain a log of all copies of the Source

10   Code received from a Producing Party that are delivered by the Receiving

11   Party to any qualified person under the "HIGHLY CONFIDENTIAL –

12   SOURCE CODE" section above.  Any such copies must be in paper and

13   not maintained in electronic form.  The log shall include the names of the

14   reviewers and/or recipients of paper copies and locations where the paper

15   copies are stored.

16             (e)(8)      The Receiving Party's Counsel and any

17   authorized person receiving a copy of any Source Code shall maintain and

18   store the paper copies of the Source Code at their offices in a manner that

19   prevents duplication of or unauthorized access to the Source Code,

20   including, without limitation, storing the Source Code in a locked room or

21   cabinet at all times when it is not in use.

22             (e)(9)      All paper copies of Source Code shall be

23   securely destroyed in a timely manner if they are no longer in use (e.g., at

24   the conclusion of a deposition).  Copies of Source Code that are marked

25   as deposition exhibits shall not be provided to the Court Reporter or

26   attached to deposition transcripts; rather, the deposition record will

27   identify the exhibit by its production numbers.

28

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 20 of 27   Page ID
#:1061
Case 2:10-cv-07035-DSF-JEM   Document 232-1   Filed 01/09/13   Page 20 of 27   Page ID
#:1034

(e)(10)    Except as provided in this subparagraph,
absent express written permission from the Designating Party, the
Receiving Party may not create electronic images, or any other images, or
make electronic copies, of the Source Code from any paper copy of
Source Code for use in any manner (including by way of example only,
the Receiving Party may not scan the Source Code to a PDF or
photograph the code).  Images or copies of Source Code shall not be
included in correspondence between the parties (references to production
numbers shall be used instead), and shall be omitted from pleadings and
other papers whenever possible.  If a party reasonably believes that it
needs to submit a portion of Source Code as part of a filing with the
Court, the parties shall meet and confer as to how to make such a filing
while protecting the confidentiality of the Source Code and such filing
will not be made absent agreement from the Designating Party that the
confidentiality protections will be adequate.  If a Designating Party agrees
to produce an electronic copy of all or any portion of its Source Code or
provide written permission to the Receiving Party that an electronic or
any other copy needs to be made for a Court filing, the Receiving Party's
communication and/or disclosure of electronic files or other materials
containing any portion of Source Code (paper or electronic) shall at all
times be limited to solely individuals who are expressly authorized to
view Source Code under the provisions of this Protective Order.  In cases
where the Designating Party has provided the express written permission
required under this provision for a Receiving Party to create electronic
copies of Source Code, the Receiving Party shall maintain a log of all
such electronic copies of any portion of Source Code in its possession or
in the possession of its retained consultants, including the names of the
reviewers and/or recipients of any such electronic copies, and the

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 21 of 27   Page ID
Case 2:10-cv-07035-DSF-JEM   Document 232-2   Filed 01/09/13   Page 21 of 27   Page ID
#:1035
#:1062

locations where the electronic copies are stored.  Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order.

10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a)   notify in writing, within three business days, the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)   notify in writing, within three business days, the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information, documents, items, and things produced by a Non-Party in this action and designated

---

[3]The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued.

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 22 of 27   Page ID
#:1063
Case 2:10-cv-07035-DSF-JEM   Document 232-1   Filed 01/09/13   Page 22 of 27   Page ID
#:1036

1   as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S

2   EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such

3   information, documents, items, and things produced by Non-Parties in connection

4   with this litigation is protected by the requirements, remedies and relief provided by

5   this Order.  Nothing in these provisions should be construed as prohibiting a Non-

6   Party from seeking additional protections.

7          (b)     In the event that a Party is required, by a valid discovery

8   request, to produce a Non-Party's confidential information in its possession, and the

9   Party is subject to an agreement with the Non-Party not to produce the Non-Party's

10  confidential information, then the Party shall:

11                 1.  promptly notify in writing the Requesting Party and

12          the Non-Party that some or all of the information, documents, items, or

13          things requested is subject to a confidentiality agreement with a Non-

14          Party;

15                 2.  promptly provide the Non-Party with a copy of the

16          Protective Order in this litigation, the relevant discovery request(s), and a

17          reasonably specific description of the information, documents, items, or

18          things requested; and

19                 3.  make the information, documents, items, or things

20          requested available for inspection by the Non-Party.

21  12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

22          If a Receiving Party learns that, by inadvertence or otherwise, it has

23  disclosed Protected Material to any person or in any circumstance not authorized

24  under this Protective Order, the Receiving Party must immediately (a) notify in

25  writing the Designating Party of the unauthorized disclosures, (b) use its best

26  efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

27  person or persons to whom unauthorized disclosures were made of all the terms of

28  this Order, and (d) if required by this order based on the confidentiality of the

1 material disclosed, request such person or persons to execute the "Acknowledgment
2 and Agreement To Be Bound" that is attached hereto as Exhibit A.

3     13.   PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
4 MATERIAL

5     13.1. Any inadvertent production of materials subject to the work
6 product doctrine, the attorney-client privilege, joint defense privilege, common
7 legal interest privilege, the right of privacy, or any other applicable privilege or
8 protection, shall not constitute a waiver of the privilege or protection, provided that
9 the Designating Party shall notify the Receiving Party in writing of such privilege
10 or protection promptly after the Designating Party discovers such materials have
11 been produced. For the avoidance of doubt, production of materials without first
12 conducting a reasonable review of such materials shall not constitute an
13 "inadvertent" production. After notification is received, the Receiving Party shall
14 within 5 business days return to the Designating Party all copies of such documents
15 or destroy them, and shall within 5 business days of notification confirm in writing
16 that all such copies have been returned or destroyed.

17     13.2. Nothing herein shall prevent the Receiving Party from
18 challenging the propriety of the privilege or protection claimed by promptly filing
19 an appropriate motion with the Court, but the Receiving Party shall not challenge
20 the propriety of the privilege or protection claimed on the grounds that the privilege
21 or protection was waived by production of the materials or information. The parties
22 shall comply with the procedures set forth in Civil Local Rule 37 to resolve any
23 dispute as to claims of privilege and shall comport with the discovery cut-off
24 deadline.

25     14.   MISCELLANEOUS
26     14.1. Right to Further Relief. Nothing in this Order abridges the right
27 of any person to seek its modification by the Court in the future.

28

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 24 of 27   Page ID
#:1065
Case 2:10-cv-07035-DSF-JEM   Document 232-1   Filed 01/09/13   Page 24 of 27   Page ID
#:1038

14.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Protective Order.

14.3.  <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4.  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material shall comply with Local Civil Rule 79-5.

14.5.  <u>Discovery From Experts</u>.  Consistent with Federal Rules of Civil Procedure 26(b)(3)(A) and (B), testifying Experts or consultants shall not be subject to discovery of any draft report in this case or other cases and such draft reports, notes or outlines for draft reports are also exempt from discovery.  No discovery can be taken from any Expert or consultant who is not designated under Federal Rules of Civil Procedure 26(a)(2) and  does not testify except to the extent that Expert or consultant has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any final opinion offered or to be offered in this case.  No conversations or communications between Counsel and any Expert or consultant will be subject to discovery unless the conversations or communications are relied upon by such expert or consultant in formulating opinions that are presented in reports or trial or deposition testimony in this case.  Materials, communications and other information exempt from

24

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 25 of 27   Page ID
Case 2:10-cv-07035-DSF-JEM   Document 236   Filed 01/09/13   Page 25 of 27   Page ID
#:1039

1   discovery under this Paragraph shall be treated as attorney-work product for the

2   purposes of this litigation and Protective Order.

3       15.   <u>FINAL DISPOSITION</u>

4           Within 60 days after the final disposition of this action, as defined in

5   paragraph 4, each Receiving Party must return all Protected Material to the

6   Producing Party or destroy such material.  As used in this subdivision, "all

7   Protected Material" includes all copies, abstracts, compilations, summaries, and any

8   other format reproducing or capturing any of the Protected Material.  Whether the

9   Protected Material is returned or destroyed, the Receiving Party must submit a

10  written certification to the Producing Party (and, if not the same person or entity, to

11  the Designating Party) by the 60 day deadline that (1) identifies (by category, where

12  appropriate) all the Protected Material that was returned or destroyed and (2)

13  affirms that the Receiving Party has not retained any copies, abstracts,

14  compilations, summaries or any other format reproducing or capturing any of the

15  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain

16  an archival copy of all pleadings, motion papers, trial, deposition, and hearing

17  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

18  reports, attorney work product, and consultant and expert work product, even if

19  such materials contain Protected Material.  Any such archival copies that contain or

20  constitute Protected Material remain subject to this Protective Order as set forth in

21  Section 4 (DURATION).

22       IT IS SO ORDERED.

23

24  Date:   1 | 11 | 2013                    John E. McDermott

25                                          Hon. John E. McDermott
                                           United States Magistrate Judge

26

27

28

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 26 of 27   Page ID
Case 2:10-cv-07035-DSF-JEM   Document 232-7   Filed 01/09/13   Page 26 of 27   Page ID
#:1040

**EXHIBIT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ _____ [print

or type full address], declare under penalty of perjury that I have read in its entirety

and understand the Protective Order that was issued by the United States District

Court for the Central District of California on _____ [date] in the

case of *Joao Bock Transaction Systems of California, LLC v. Cathay Bank et al.*,

Case No.: 2:10-cv-07035-DSF (JEMx) and *Joao Bock Transaction Systems, LLC v.*

*Bank of Stockton et al.*, Case No. 2:11-cv-03526-DSF (JEMx). I agree to comply

with and to be bound by all the terms of this Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination of

this action.

I hereby appoint _____ [print or type

full name] of

_____

_____ [print or type full address and telephone number] as my California

agent for service of process in connection with this action or any proceedings

related to enforcement of this Protective Order.


Date: _____

City and State where sworn and signed: _____

26

Case 2:10-cv-07035-DSF-JEM   Document 233   Filed 01/11/13   Page 27 of 27   Page ID
Case 2:10-cv-07035-DSF-JEM   Document 232-8   Filed 01/09/13   Page 27 of 27   Page ID
#:1041

1   Printed name:
2                                              _____
3   Signature:                                 [printed name]
4                                              _____
5                                              [signature]
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28